**Opinion issued March 3, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00689-CV

_____

**W.F.S., Appellant**

**V.**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
**Appellee**

_____

## NO. 01-15-01028-CV

_____

## IN THE INTEREST OF F.S., A CHILD

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-00499J**

---

## MEMORANDUM OPINION

Appellant, W.F.S., proceeding *pro se*, attempts to appeal from the trial court's order, purported to be signed on August 10, 2015, regarding a mediated settlement agreement in the underlying suit affecting the parent-child relationship ("SAPCR"), which was assigned appellate cause number 01-15-00689-CV. Appellants, W.F.S. and H.B., both proceeding *pro se*, also attempt to appeal from any orders signed for the hearing date of November 2, 2015, in the same underlying SAPCR, which was assigned appellate cause number 01-15-01028-CV.[1] Both appellants have filed motions to recuse the trial judge and H.B. filed a motion for an extension of time to file her brief in 01-15-01028-CV in this Court. We dismiss both related appeals for lack of jurisdiction.

Generally, this Court has jurisdiction over appeals only from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2015) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute

---

[1] We refer to the minor's parent in 01-15-00689-CV using his initials. *See* TEX. R. APP. P. 9.8(b)(2). Because the trial clerk's assignment letter had designated 01-15-01028-CV as an accelerated appeal from a parental termination, the Clerk of this Court changed the style from *H.B. v. Tex. Dep't of Fam. Prot. Services* to the above style.

authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments.").

In a SAPCR, the trial "court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order: (1) for the temporary conservatorship of the child;" but any such "[t]emporary orders rendered under this section are not subject to interlocutory appeal." TEX. FAM. CODE ANN. § 105.001(a)(1), (e) (West Supp. 2015); *see also In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (noting that mandamus was an appropriate remedy in SAPCR because "trial court's issuance of temporary orders [was] not subject to interlocutory appeal") (citations omitted).

Here, after reviewing the notices of appeal, the clerk's records, and the supplemental clerk's records filed in this Court in each appeal, there are no final or appealable orders regarding a mediated settlement agreement on or after August 10, 2015, or a termination. Although the trial court signed a "Temporary Order Following Adversary Hearing" on November 3, 2015, regarding a hearing held on November 2, 2015, for temporary managing conservatorship over the child, F.S., that order is a temporary order which is not appealable via interlocutory appeal. *See* TEX. FAM. CODE ANN. § 105.001(a)(1), (e). Thus, we lack jurisdiction over the appeal because the clerk's and supplemental clerk's records do not include or refer to any final termination orders or reflect that any other appealable order has been

3

rendered in either appeal. *See, e.g.*, *Smith v. Robertson*, No. 01–15–00538–CV, 2015 WL 9311431, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet. h.) (dismissing for want of jurisdiction appeal of refusal to sign an order in a SAPCR because records did not include final order) (citations omitted).

On January 26, 2016, the Clerk of this Court notified appellants, in both appeals, that their appeals were subject to dismissal for want of jurisdiction unless they timely responded and showed how this Court had jurisdiction over their appeals. *See* TEX. R. APP. P. 42.3(a), (c). Appellants failed to file any response.

## CONCLUSION

Accordingly, we **dismiss** both of these appeals for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.